IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| VRC, LLC,<br>a Colorado Limited Liability Company<br><br>Plaintiff,<br><br>v.<br><br>RCR Vail, LLC, a Colorado limited<br>liability company, LARRY PETERSON,<br>an individual residing in Colorado, and<br>SLIFER, SMITH & FRAMPTON/VAIL<br>ASSOCIATES REAL<br>ESTATE, LLC, a Delaware limited<br>liability company<br><br>Defendants. | Civil Action No. 12-cv-00928-RPM |

### [PROPOSED] STIPULATED PROTECTIVE ORDER CONCERNING CONFIDENTIALITY

This matter comes before the Court on the Parties' Joint Motion for Entry of Stipulated Protective Order Concerning Confidentiality. Having reviewed the matter, and good cause being shown, the Court ORDERS pursuant to Fed. R. Civ. P. 26(c) as follows:

1. This Order affords protection only to information or items that are entitled under the applicable legal principles to treatment as "CONFIDENTIAL" and are identified as such by a Party to this litigation.

2. The protections conferred by this Protective Order cover all material designated as "CONFIDENTIAL" as well as any information copied or extracted therefrom, all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

1

parties or counsel to or in Court or in other settings that might reveal material designated as "CONFIDENTIAL" pursuant to this Protective Order.

3. The confidentiality obligations imposed by this Order shall remain in effect, even after the termination of this litigation, until a Court Order otherwise directs or the Parties to this litigation otherwise agree in writing.

4. Each Party may designate information or items for protection under this Order, as such information or items are produced, by marking each page as "CONFIDENTIAL" on all pages that contain confidential material. Parties must take care to limit such designation to specific material that is entitled under applicable legal principles to be treated as confidential.

5. For testimony given in deposition or pretrial or trial proceedings, the Party seeking a confidential designation shall identify on the record before the close of the deposition, hearing, or other proceeding, all protected testimony that should be considered "CONFIDENTIAL."

6. For information produced in some form other than documentary, and for any other tangible items, the Party seeking a confidential designation shall mark prominently the exterior of the container or containers in which the information or item is stored as "CONFIDENTIAL."

7. A Party may object to another Party's designation of material as "CONFIDENTIAL" by giving written notice to the Party designating the information as "CONFIDENTIAL." The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection promptly after the time the notice is received, it shall be the obligation of the objecting Party to thereafter file an appropriate and timely motion requesting that the Court determine whether the disputed information should be subject to the

terms of this Protective Order. If such a motion is filed within a reasonable time, the disputed information shall be treated as if it has been appropriately designated "CONFIDENTIAL" under the terms of this Protective Order until the Court rules on the motion. If the objecting Party fails to file such a motion within a reasonable time, the disputed information shall retain its "CONFIDENTIAL" designation under this Protective Order and shall thereafter be treated as such in accordance with this Protective Order. In connection with a motion filed under this provision, the designating Party shall bear the burden of establishing that good cause exists for the disputed information to be treated as "CONFIDENTIAL."

8. Except as expressly allowed herein, information marked "CONFIDENTIAL" shall be disclosed only to: (a) the Parties of record, including owners, principals, officers, directors, members, employees and insurer(s), to the extent reasonably necessary for the prosecution or defense of this litigation, and subject to the further limitations of this Paragraph; (b) the counsel of record for the Parties and their associated attorneys, paralegal, clerical, and secretarial employees engaged in this action; (c) any person retained to assist counsel of record in the preparation or trial of this action (including consultants and/or experts and their immediate assistants engaged in the conduct of this action), provided such person has signed an undertaking in the form annexed hereto as Exhibit A; and (d) the Court and Court personnel, including stenographic reporters, and the jury hearing this case, if any.

9. Disclosure of material designated as "CONFIDENTIAL" to any person described in Paragraph 8 of this Order shall be only for the purpose of litigating this proceeding, and any appeal of this proceeding, and for no other purpose whatsoever, including, without limitation, any business or competitive purpose or other litigation. Under no circumstances may a person

receiving material designated as "CONFIDENTIAL" under the terms of this Protective Order use such material for any purpose other than litigating this proceeding, without the prior written consent of the designating party.

10. In the event that any material designated as "CONFIDENTIAL," other than (a) material received legitimately from another source not subject to confidentiality, and (b) communications among the Parties, but not attachments thereto, is contained or substantively described in any pleading, motion, exhibit, or other paper (collectively, the "Papers") filed or to be filed with the Clerk of the Court, the Party seeking to file the document containing material designated as "CONFIDENTIAL" shall file a motion in accordance with D.C.COLO.LCivR 7.2C. Material designated as "CONFIDENTIAL" contained or substantively described in the Papers shall remain under restricted access until further order of this Court provided, however, that such Papers may be furnished to persons or entities that may receive material designated as "CONFIDENTIAL" as allowed by Paragraph 8 of this Order.

11. If any Party becomes required by law, regulation, or order of a court or governmental entity to disclose any CONFIDENTIAL information that has been produced to it under the terms of this Order, such Party will reasonably notify the other Parties, in writing, so that the original producing Party has an opportunity to prevent or restrict such disclosure. The party required to disclose any CONFIDENTIAL information shall use commercially reasonable efforts to maintain the confidentiality of such CONFIDENTIAL information and shall cooperate with the Party that originally produced the information in its efforts to obtain a protective order or other protection limiting disclosure.

12. At the time that any consultant, expert or other person retained to assist counsel in the preparation of this action concludes participation in the action, such person shall return to counsel all copies of documents or portions thereof containing or substantively describing material designated as "CONFIDENTIAL" that are in the possession of such person. At the conclusion of this action, each Party shall either destroy or return documents containing or substantively describing material designated as "CONFIDENTIAL" obtained in this action to the designating Party, except that counsel of record for the Parties may retain a copy of these materials for the sole purpose of complying with records retention requirements until such records retention period expires. This Protective Order shall remain in full force and effect during such time. In the event that a Party elects to destroy such documents, such Party shall provide to the designating Party a certificate of destruction of the documents within sixty (60) days of the conclusion of this action.

13. If timely corrected, an inadvertent failure to designate qualified material as "CONFIDENTIAL" shall not, standing alone, waive the designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, all Parties must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

14. Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the right of the Parties or third parties to assert any applicable discovery or trial privilege.

Dated: July 23, 2013.

By the Court: _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| VRC, LLC, <br> a Colorado Limited Liability Company | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | |
| v. | ) <br> ) | Civil Action No. 12-cv-00928-RPM |
| RCR Vail, LLC, a Colorado limited liability company, LARRY PETERSON, an individual residing in Colorado, and SLIFER, SMITH & FRAMPTON/VAIL ASSOCIATES REAL ESTATE, LLC, a Delaware limited liability company | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

---

### NONDISCLOSURE AGREEMENT

---

I, _____, have read the Stipulated Protective Order Concerning Confidentiality (the "Protective Order") attached to this Agreement. In consideration of being permitted to review information designated as "CONFIDENTIAL" as described in the Protective Order, I agree to comply with the terms set forth therein and I further agree that I shall be subject to the jurisdiction of the United States District Court for the District of Colorado, for purposes of enforcing the Protective Order.

DATED: _____.

_____

**EXHIBIT A TO PROTECTIVE ORDER CONCERNING CONFIDENTIALITY**